J-S85035-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| MARIO COURTLIN PARKER | |
| Appellant | No. 1113 WDA 2017 |

Appeal from the PCRA Order entered July 7, 2017
In the Court of Common Pleas of Allegheny County
Criminal Division at No: CP-02-CR-0007624-2009

BEFORE:  BOWES, PANELLA, and STABILE, JJ.

MEMORANDUM BY STABILE, J.:  **FILED APRIL 25, 2018**

Appellant, Mario Courtlin Parker, appeals from the July 7, 2017 order entered in the Court of Common Pleas of Allegheny County, dismissing his second petition for collateral relief filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  Following review, we vacate and remand.

When we considered Appellant's appeal from denial of his first PCRA petition, we provided the following procedural history:

> Following a trial that began on June 29, 2010 and concluded on July 2, 2010, a jury convicted Appellant of the May 2009 murders of sisters Rachel and Daneen Robinson at their home in the Hazelwood section of Pittsburgh.  On September 20, 2010, the trial court sentenced Appellant to two life sentences plus twenty to forty years' imprisonment for additional convictions of burglary, violations of the firearms act, unlawful restraint, and criminal conspiracy.  On March 5, 2013, this Court affirmed his judgment

of sentence.  Appellant filed a petition for allowance of appeal to our Supreme Court, which denied the petition on July 31, 2013. *Commonwealth v. Parker*, 2013 WL 11273762 (Pa. Super. March 5, 2013), *appeal denied*, 72 A.3d 602 (Pa. 2013).

Appellant filed a timely *pro se* PCRA petition on March 17, 2014.  Following substitution of counsel and the filing of an amended petition [asserting ten ineffectiveness of counsel claims], the PCRA court dismissed the petition without a hearing on April 22, 2015.  [A] timely appeal followed.

*Commonwealth v. Parker*, No. 821 WDA 2015, unpublished memorandum at 1-2 (Pa. Super. filed August 10, 2016).

In his appeal, Appellant asked us to consider seven claims of ineffectiveness.  While the case was pending on appeal, Appellant filed a petition for remand, claiming a Commonwealth witness, D'Andre Freeman (Freeman), had recanted his trial testimony identifying Appellant as one of two shooters involved in the murders.  Because this Court had jurisdiction over the matter, Appellant asked that we remand to the PCRA court for an evidentiary hearing on the newly-discovered evidence resulting from the recantation.  A divided panel of this Court denied Appellant's petition for remand, finding Appellant "has not asserted, and consequently has not demonstrated, that Freeman's recantation could not have been obtained prior to trial through reasonable diligence and because he has not shown that it would compel a different result[.]"  *Id.* at 5.  We then considered the merits

of his ineffectiveness claims and affirmed the PCRA court's dismissal of the PCRA petition.  *Id.*[1]

Appellant filed a petition for allowance of appeal to our Supreme Court, which that Court denied on February 22, 2017.  *Commonwealth v. Parker*, 166 A.3d 1234 (Pa. 2017).

On March 21, 2017, Appellant filed a PCRA petition "based on after-discovered evidence pursuant to 42 Pa.C.S.[A.] § 9543(a)(2)(vi)."  The Commonwealth filed its response on May 18, 2017.  On June 2, 2017, the PCRA court issued a notice of intention to dismiss the petition pursuant to Pa.R.Crim.P. 907, stating:

> [Appellant] raised this after-discovered evidence claim (namely, the recantation of witness D'Andre Freeman) to the Superior Court on March 27, 2016, during the pendency of his direct appeal.  In its Opinion filed August 10, 2016, the Superior Court held that Petitioner failed to demonstrate that he could not have obtained the evidence prior to trial, and furthermore, ruled on the merits of the claim in finding that [Appellant] failed to show that the new evidence would have compelled a different result.  As such, this claim was previously litigated before the Superior Court, and the Superior Court ruled on the merits of the claim.  Furthermore, even if the trial court were to find that the claim was not previously litigated, it is bound by the law of the case doctrine to not reopen a question already decided by an appellate court.

PCRA Court Notice of Intention to Dismiss, 6/2/17, at 1.

On June 2, 2017, Appellant filed a response to the notice of intention to dismiss.  By order entered July 7, 2017, the PCRA court denied Appellant's

---

[1] The dissenting panel member concluded Appellant sufficiently established a right to an evidentiary hearing and would have remanded to the PCRA court.

- 3 -

petition. This timely appeal followed. In an order entered August 3, 2017, the court explained that the reasons for denying Appellant's PCRA petition were set forth in its June 2, 2017 notice of intention to dismiss.

Appellant presents two issues for our consideration:

Whether the lower court erred in denying [Appellant's] PCRA petition based on after-discovered evidence without granting a hearing, finding that the claim has been previously litigated and no purpose would be served by any further proceedings.

Whether the lower court erred in determining that even if it found that [Appellant's] claim had not been previously litigated, it is bound, under these circumstances, by the law of the case doctrine to not reopen a question already decided by an appellate court.

Appellant's Brief at 2-3.

Before discussing the merits of Appellant's issues, we must determine whether we have jurisdiction to consider them. As required by 42 Pa.C.S.A. § 9545(b)(1), all PCRA petitions, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final" unless an exception to timeliness applies. 42 Pa.C.S.A. § 9545(b)(1). "The PCRA's time restrictions are jurisdictional in nature. Thus, [i]f a PCRA petition is untimely, neither this Court nor the [PCRA] court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." *Commonwealth v. Chester*, 895 A.2d 520, 522 (Pa. 2006) (first alteration in original) (internal citations and quotation marks omitted). As timeliness is separate and distinct from the merits of Appellant's underlying claims, we first determine whether this PCRA petition

is timely filed. **See Commonwealth v. Stokes**, 959 A.2d 306, 310 (Pa. 2008) (consideration of **Brady** claim separate from consideration of its timeliness).

As reflected in the excerpt from our 2016 Memorandum, Appellant was sentenced on September 20, 2010, following a jury trial. He appealed to this Court and, following our affirmance, sought allowance of appeal to our Supreme Court. Our Supreme Court denied Appellant's petition for allowance of appeal on July 31, 2013. He did not seek certiorari to the United States Supreme Court. Therefore, his judgment of sentence was final ninety days after his petition for allowance of appeal was denied, *i.e.*, on October 30, 2013. Absent an exception to the PCRA's timeliness requirements, any petition for relief under the PCRA had to be filed by October 30, 2014, one year after the date his judgment of sentence was final. **See** U.S. Sup.Ct.R. 13; 42 Pa.C.S.A. § 9545(b)(3).

Appellant filed the instant petition, his second, on March 21, 2017, two and a half years after the deadline for filing a petition. Therefore, his petition is untimely on its face.

The PCRA affords a petitioner the opportunity to save his petition from the PCRA's time bar if the petition alleges and the petitioner proves one of the exceptions recognized in § 9545(b)(1)(i)-(iii). Relevant here is subsection (b)(1)(ii), which provides an exception to the PCRA's time bar if the petition alleges and the petitioner proves that "the facts upon which the claim is

predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence[.]" 42 Pa.C.S.A. § 9545(b)(1)(ii). Relevant also is the requirement that any petition invoking this exception "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2).

In his March 21, 2017 petition, Appellant contends Freeman recanted his testimony on February 11, 2016 and signed an affidavit on February 23, 2016 "explaining his experience as a witness in [Appellant's] case and why he felt unable to come forward any sooner with the truth." PCRA Petition, 3/21/17, at ¶ 14. He explained that his appeal from denial of his first PCRA petition was pending before this Court and that he filed the petition for remand that we denied on August 10, 2016. It was not until the Supreme Court denied his petition for allowance of appeal and remanded the record that he was able to file the instant petition with the PCRA court. *Id.* at ¶¶ 15, 22. He submits that the instant petition is timely because it was brought to the attention of this Court (in the petition for remand) within 60 days of the discovery of new evidence and the "any filing with [the PCRA court] prior to March 15th would have been premature because the record had not been returned to the [PCRA court] until that date." *Id.* at ¶ 24. He also explains that his first PCRA petition alleged only ineffectiveness of counsel and that the PCRA court did not have any earlier opportunity to consider his after-discovered evidence claim. *Id.* at ¶ 23.

The Commonwealth argues that Appellant's petition is untimely on its face and that Appellant cannot invoke an exception to the time bar for newly-discovered evidence. Commonwealth Brief at 14. The Commonwealth contends that this Court, in our August 10, 2016 memorandum opinion, "correctly determined that [A]ppellant's petition for remand did not claim that he could not have obtained recantation evidence at or prior to the conclusion of trial through reasonable diligence." *Id.* The Commonwealth concludes that this Court's 2016 findings are binding on this Court and are binding on the PCRA court as a previously litigated claim. *Id.*

We agree with the Commonwealth's assessment that the August 10, 2016 order denied Appellant's remand petition because Appellant did not assert or demonstrate that Freeman's recantation could not have been obtained prior to trial. However, unlike his petition for remand, his current PCRA petition does make those assertions. Moreover, his current PCRA petition was filed within 60 days after our Supreme Court denied Appellant's petition for allowance of appeal. The current petition presented Appellant his first opportunity to raise his after-discovered evidence claim before the PCRA court.

In **Commonwealth v. Lark**, 746 A.2d 585 (Pa. 2000), our Supreme Court held that "a subsequent PCRA petition cannot be filed until the resolution of review of the pending PCRA petition by the highest state court in which review is sought, or upon the expiration of the time for seeking such review."

*Id.* at 588. Our Supreme Court reasoned that "[a] second appeal cannot be taken when another proceeding of the same type is already pending." *Id.* (citation omitted). Where a petitioner attempts to raise a subsequent, independent claim for relief during the pendency of an earlier PCRA petition, his "only option is to raise it within a second PCRA petition filed within [60] days of the date of the order that finally resolves the [pending] PCRA petition[.]" *Commonwealth v. Steele*, 961 A.2d 786, 808-809 (Pa. 2008). "Of course, Appellant will still be required to plead and prove that one of the three exceptions to the time bar under 42 Pa.C.S. § 9545(b)(1) applies." *Id.* at 809 (citing *Lark* and 42 Pa.C.S.A. § 9545(b)(1)).

We agree with Appellant that his petition is timely, but for a slightly different reason. We agree that he did not have an opportunity to file the instant petition at any time prior to the Supreme Court's February 22, 2017 denial of his petition for allowance of appeal. Therefore, the fact he insufficiently raised the newly-discovered evidence exception before this Court in his petition for remand is of no moment. He was required to raise the exception in a PCRA petition "within 60 days of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2). By filing his petition on March 21, 2017, he complied with the requirement that he file the petition within 60 days of February 22, 2017, the earliest date his claim could have been presented. Therefore, we shall entertain the merits of his appeal.

As this Court has recognized:

Our standard of review of the denial of a PCRA petition is limited to examining whether the evidence of record supports the court's determination and whether its decision is free of legal error. This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings. A petitioner is not entitled to a PCRA hearing as a matter of right; the PCRA court can decline to hold a hearing if there is no genuine issue concerning any material fact and the petitioner is not entitled to post-conviction collateral relief, and no purpose would be served by any further proceedings. A reviewing court on appeal must examine each of the issues raised in the PCRA petition in light of the record in order to determine whether the PCRA court erred in concluding that there were no genuine issues of material fact and in denying relief without an evidentiary hearing.

*Commonwealth v. Smith, Q.*, 121 A.3d 1049, 1052 (Pa. Super. 2015) (internal quotations, citations and brackets omitted).

Here, the PCRA court concluded that Appellant's current claim was previously litigated before this Court. Notice of Intention to Dismiss, 6/2/17, at 1. Specifically, the PCRA court's found that Appellant, on appeal from the denial of his first PCRA petition, "failed to demonstrate that he could not have obtained the evidence prior to trial[.]" *Id.* Further, the PCRA court determined that this Court "ruled on the merits of the claim in finding that [Appellant] failed to show that the new evidence would have compelled a different result." *Id.* The record does not support those findings and, we hold, the PCRA court committed legal error in reaching those conclusions.

In Appellant's previous appeal, this Court did not rule on the merits of Appellant's after-discovered evidence claim. Rather, we held that "Appellant's petition for remand does not aver that he could not have obtained Freeman's

- 9 -

recantation at or prior to the conclusion of trial through reasonable diligence." ***Commonwealth v. Parker***, No. 821 WDA 2015, unpublished memorandum at 4 (Pa. Super. filed August 10, 2016). "Because Appellant has not asserted, and consequently has not demonstrated, that Freeman's recantation could not have been obtained prior to trial through reasonable diligence and because he has not shown that it would compel a different result, we deny Appellant's petition for remand." ***Id.*** at 5.

To the extent our statement regarding compelling a different result suggests a ruling on the merits, our statement is merely *dicta*. A proper reading of the statement reflects that Appellant's petition for remand failed to assert that Freeman's recantation could not have been obtained prior to trial. In light of the lack of assertion, Appellant could not demonstrate that the recantation could not have been obtained earlier. Therefore, we held, he was not entitled to a remand. As Appellant correctly asserts, other than the ineffective assistance of counsel claims, "the only relevant question properly before this Court . . . was whether to grant [Appellant's] Petition for Remand to the PCRA court." Appellant's Brief at 10. Therefore, any observations regarding Appellant's ability to demonstrate a different result were properly "obiter dicta and not necessary to this Court's order . . . [and] did not form the law of the case." ***Id.*** at 16 (quoting ***Firetree, Ltd. V. Dep't of Ben. Servs.***, 920 A.2d 906, 910 n. 7 (Pa. Cmwlth. 2007) and citing ***Traxel v. A.I. duPont Inst.***, 675 A.2d 314, 319 (Pa. Super. 1996)).

Again, unlike Appellant's petition for remand, Appellant's second PCRA petition does assert that Freeman's recantation could not have been obtained prior to trial through reasonable diligence. However, because the PCRA court mistakenly concluded that this Court ruled on the merits of Appellant's claim, Appellant was not provided a requested hearing and the opportunity to prove his assertion. Therefore, we vacate the July 7, 2017 order denying Appellant's second PCRA petition and remand for an evidentiary hearing.

Order vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/25/2018